Daniel DUMAS, Plaintiff–Appellant,

v.

Diane PONCE; Brenda Johnson; City
of Los Angeles, Defendants–
Appellees.

No. 04–55488.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 8, 2005.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Patricia J. Barry, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Daniel P. Aguilera, Esq., Office of the City Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: REINHARDT and RAWLINSON, Circuit Judges, and WILKEN,** District Judge.

MEMORANDUM ***

Daniel Dumas appeals the district court's orders (1) denying his motion to continue the summary judgment hearing, (2) denying his motion to amend his complaint, (3) granting the defendants' motion for summary judgment, and (4) denying his motion for reconsideration. We affirm the district court's rulings.

■ With respect to the motion to continue the summary judgment hearing, which the district court construed as a motion pursuant to Federal Rule of Civil Procedure 56(f), Dumas failed to demonstrate (1) that he had diligently pursued his previous discovery opportunities, and (2) that the additional discovery, which the defendants produced prior to the summary judgment hearing, would have precluded

summary judgment had it been produced earlier. *See Qualls v. Blue Cross,* 22 F.3d 839, 844 (9th Cir.1994).

■ The district court did not abuse its discretion in denying Dumas's motion to amend, which he filed just days before the summary judgment hearing, because amendment would have been futile, *Caswell v. Calderon,* 363 F.3d 832, 837 (9th Cir.2004), and would have substantially prejudiced the defendants. *Schlacter–Jones v. General Tel.,* 936 F.2d 435, 443 (9th Cir.1991), *overruled in part on other grounds, Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683 (9th Cir.2001) (en banc). Dumas's motion to amend was also untimely under the district court's local rules.

■ Dumas did not produce evidence that established a triable issue of fact on any of his claims; thus, summary judgment in favor of the defendants was proper. (1) Dumas did not submit evidence that he was constructively discharged or that the defendants infringed any protected liberty interest in his reputation. Therefore, his procedural due process claim fails as a matter of law. In his opening brief on appeal, Dumas abandons his substantive due process claim. (2) Dumas's equal protection clause claim against Johnson fails as a matter of law because Johnson's actions did not constitute sexual harassment and there is no evidence that she intentionally harassed Dumas because of his gender. (3) Dumas's *Monell* claim fails because there is no evidence that he was deprived of any constitutional right. (4) Dumas's claim under California's Fair Employment and Housing Act fails because, viewed in the light most favorable to him, the evidence does not show that Dumas was discriminated against or harassed because of his gender.

** The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Dumas's motion for reconsideration did not meet the requirements of Federal Rules of Civil Procedure 59(e) or 60(b). With respect to Rule 59(e), Dumas failed to (1) present the district court with newly discovered evidence, (2) show that the district court had committed clear error or that the initial decision was manifestly unjust, or (3) identify an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir.2003). With respect to Rule 60(b), he failed to show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances. Fed.R.Civ.P. 60(b).

Accordingly, the district court's orders (1) denying Dumas's motion to continue the summary judgment hearing, (2) denying Dumas's motion to amend his complaint, (3) granting the defendants' motion for summary judgment, and (4) denying Dumas's motion for reconsideration are AFFIRMED.